# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ERIC MIZE, Register No. 1063768, )
SHAHEED MUSLIM HABEEBULLAH, )
Register No. 519490, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　)
　　　v. ) No. 08-4063-CV-C-NKL
　　　　　　　　　　　　　　　　　　　　)
LARRY CRAWFORD, et al., )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## REPORT, RECOMMENDATION AND ORDER

　　　Plaintiffs Eric Mize and Shaheed Muslim Habeebullah, inmates confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Plaintiffs name as defendants numerous personnel of the Missouri Department of Corrections.

　　　Plaintiffs claims defendants use race as a factor in deciding where to house inmates and that plaintiffs and others are harassed due to their race and sexual orientation. Plaintiffs request certification of a class action.

　　　Plaintiffs have requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave

to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiffs filed a proposed temporary restraining order relating to their claims. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and. . . ." Fed. R. Civ. P. 65(b). Plaintiffs' general allegations that they fear possible future retaliation for filing this lawsuit do not warrant the issuance of a temporary restraining order.

Although plaintiffs' allegations in their complaint may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiffs to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915. The records available to the court indicate plaintiffs are capable of making an initial payments toward the filing fee[1]. Plaintiffs should contact prison officials to have their initial payments processed. In the future, prison officials will withdraw funds from plaintiffs' accounts and forward them to the court, until the filing fee is paid in full. If either plaintiff fails to make his respective initial payments, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Plaintiffs also filed a motion for appointment of counsel, pursuant to 28 U.S.C. § 1915. There exists no statutory or constitutional right for an indigent to have counsel appointed in a

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915. If plaintiffs have not signed an authorization for release of inmate account funds, they will need to do so promptly.

civil action for damages.  Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam).  Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'"  Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel.  Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint.  [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim.  In addition to the merits of a case, a court may consider any of a number of factors.  Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted).  See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979), at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . .  Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts.  Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision.  Meritorious claims, however,

3

would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. <u>Green v. Wyrick</u>, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." <u>Mallard v. United States Dist. Court for the Southern Dist. of Iowa</u>, 490 U.S. 296, 310 (1989).

The issues in plaintiffs' complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiffs' claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiffs may again request appointment of counsel.

Plaintiffs filed a motion requesting an order directing prison officials to provide to the court plaintiffs' financial information. Plaintiffs' financial information has been received; thus, plaintiffs' motion is moot.

IT IS, THEREFORE, ORDERED that plaintiffs' motion for an order directing prison officials to provide the court with plaintiffs' financial information is moot. [6] It is further

ORDERED that plaintiffs' motion for appointment of counsel is denied, without prejudice. [4] It is further

ORDERED that plaintiffs are granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. [2, 3] It is further

ORDERED that within thirty days, plaintiff Mize make an initial payment of $33.16 and plaintiff Habeebullah make an initial payment of $3.98 toward the $350.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

4

ORDERED that defendants answer or otherwise respond, pursuant to Rules 4 and 12, Federal Rules of Civil Procedure, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiffs at their place of incarceration. It is further

RECOMMENDED that plaintiffs' motion for a temporary restraining order be denied. [5]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 23rd day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge