IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| SHAHEED MUSLIM HABEEBULLAH, ) | | |
| Register No. 519490, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 08-4063-CV-C-NKL | |
| ) | | |
| LARRY CRAWFORD, et al., ) | | |
| ) | | |
| Defendants. ) | | |

**REPORT AND RECOMMENDATION**

Plaintiff Shaheed Habeebullah, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. He alleges defendants have permitted an unconstitutional policy or custom of using race as a factor in cell assignments. Defendants seek summary judgment on the basis of qualified immunity and respondeat superior. The motion is fully submitted, and thus, is ready for this court to issue a report and recommendation.[1]

Rule 56(c), Federal Rules of Civil Procedure, requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Plaintiff was convicted of rape and is housed at Jefferson City Correctional Center. He claims that since July 2000, he has been celled with approximately 35 African-American inmates and only 2 white inmates, although he has repeatedly requested cell assignments with white inmates. He acknowledges that departmental policy states cell assignments will not be made based upon race, but asserts there is an unwritten policy or custom to the contrary. He claims nearly all cells are segregated, and he was reclassified as a more aggressive inmate when he complained that discrimination was occurring. He does not dispute that prison jobs, recreational activities, programs, educational programs, religious call outs and the dining halls are fully integrated.

Plaintiff has submitted numerous documents showing he has complained of segregated cell assignments, and that he has repeatedly requested voluntary cell assignments with specific inmates. His requests have been repeatedly denied.

First, defendants assert plaintiff has failed to state a claim against them because he has sued them based upon their supervisory capacities. It is clear a supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to

2

deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

The named defendants are not the individuals who made the decisions on plaintiff's cell assignments, and thus, they cannot be held liable under section 1983 for those specific actions. Plaintiff has not based his claim, though, on the specific assignments. Instead, he claims there is an unwritten policy or custom, for which the administrative defendants are ultimately responsible, that permits race-based cell assignments. He has submitted statements from numerous inmates attesting to segregated cells, and defendants do not seriously dispute that the percentages suggest cell segregation. Nevertheless, defendants do not admit that race is considered when cell assignments are made.

Accordingly, there are genuine issues of material fact regarding whether there is a race-based discriminatory unwritten policy or custom regarding inmate cell assignments. Likewise, there are genuine issues of material fact regarding whether the named defendants knew of the custom or policy, failed to take corrective active, or were otherwise responsible for the policy or custom.

Defendants next assert they are protected from plaintiff's damage claims by qualified immunity. Defendants acknowledge that racial segregation in celling is unconstitutional, but state it is unclear whether race may be considered to some degree in combination with other issues. Defendants have submitted some evidence suggesting they believe plaintiff may present a danger to young, weak, white offenders if he is celled with them.

Although plaintiff has repeatedly requested to be celled with specific white individuals, his complaint is not so narrow as to claim only that he has been denied certain cell-mates. His complaint is broader, and states there is an unwritten policy or custom that cell assignments are based upon race. As a result of that policy or custom, plaintiff alleges he has been denied the opportunity to cell with inmates of races other than his own.

Entitlement to qualified immunity is a question of law to be determined by the trial court. McIntosh v. Arkansas Republican Party, 856 F.2d 1185, 1186 (8th Cir. 1988); Warren v. City of Lincoln, 816 F.2d 1254 (8th Cir. 1987). Governmental employees are protected from suit by qualified immunity unless their conduct violates a clearly established constitutional or statutory

3

right of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800 (1982).  In Saucier v. Katz, 533 U.S. 194 (2001), the Court set forth a two-part analysis to be used when determining whether defendants are entitled to qualified immunity.  The threshold question is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id. at 201.  The next step is to ask "whether the right was clearly established . . . in light of the specific context of the case."  Id. at 201.  The Court goes on to explain that "[t]he question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards."  Id. at 208.

When a constitutional violation has not occurred, the qualified immunity analysis ends at step one because plaintiff's claim fails as a matter of law.  Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007).

Defendants admit that race-based cell segregation is a constitutional violation, but assert the right was not clearly established in light of the context of this case.  Defendants assert they believe plaintiff may be a sexual predator, that plaintiff has expressed a romantic interest in at least one of the individuals he requested to be celled with, that he has been reclassified as a more aggressive inmate, and that plaintiff does not have a right to be celled with an inmate of his choice.  In other words, defendants state plaintiff has been denied the cell assignments he requested for reasons of institutional security.

The submitted evidence suggests, at least to some degree, that defendants may have had legitimate security concerns with respect to some of the specific cell assignments requested by plaintiff.  Nevertheless, the evidence does not support defendants' assertion that they are entitled to qualified immunity on plaintiff's claim that there is an unwritten policy or custom of making race-based, segregated cell assignments.  Certainly not all inmates of other races are young, weak, or likely to create security problems if celled with plaintiff.  To this extent, it appears defendants have attempted to re-characterize and narrow plaintiff's claim.

Plaintiff has had black cell-mates, and there has been no evidence submitted indicating he has had serious problems with them.  Defendants have also not submitted evidence tending to show plaintiff would target cell-mates of other races or treat them differently than he would treat

4

Case 2:08-cv-04063-NKL   Document 92    Filed 05/14/09   Page 4 of 5

cell-mates of his own race. Likewise, plaintiff has submitted some evidence that there are very few integrated cell assignments, which suggests there is a policy or custom of using race as a factor when making cell assignments.

In the context of this case, as it is currently presented, the court does not find that the contours of the right are so unclear that a reasonable officer would not understand that his custom or practice violates a constitutional right.

Accordingly, it is

RECOMMENDED that defendants' motion of January 29, 2009, for summary judgment on the basis of respondeat superior and qualified immunity be denied. [72]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 14th day of May, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge