IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| SHAHEED MUSLIM HABEEBULLAH,<br>Register No. 519490, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | No. 08-4063-CV-C-NKL |
| LARRY CRAWFORD, et al., | )<br>)<br>) | |
| Defendants. | ) | |

## ORDER

On May 14, 2009, United States Magistrate Judge William A. Knox recommended that defendants' motion for summary judgment be denied. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

A de novo review of the record, including the exceptions filed by defendants on June 3, 2009, convinces the court that the recommendation is correct and should be adopted. Defendants have again asserted they cannot be held liable based upon respondeat superior and they did not have responsibility for individual cell assignments. Plaintiff's claim, however, is based upon an unwritten custom or policy which results in unconstitutional segregation, and not upon any particular cell assignments.

The parties disagree whether defendants have permitted or authorized an unwritten custom or policy of making cell assignments based upon race. Plaintiff admits there are a few interracial cell assignments, but that does not negate his assertions and affidavits that there is an unwritten custom or policy of segregating inmates on the basis of race when assigning cells. The context of his admission suggests interracial cell assignments are the rare exception rather than the rule, and defendants have not provided evidence to the contrary.

Defendants also state they are entitled to qualified immunity on plaintiff's damage claim. They argue "[t]he contours of the prohibition against use of race in cell assignments are unclear, and courts have stated that in decisions from 2008 and 2009." (Doc. 93 at 2.) Defendants have

not cited the court to Eighth Circuit cases addressing this issue, or otherwise convinced the court that the law is uncertain under the facts of this case. Defendants' own written policies state that "[i]nmate housing assignments will be made in a nondiscriminatory manner and will not be made based on race, religion, nationality or political belief." (Doc. 72-2 at 5.)

Defendants summarily state that plaintiff is believed to be a danger to young, weak white offenders because he wrote a letter to and was discovered to be romantically involved with one white offender.[1] Clearly, that presents legitimate considerations for not housing plaintiff with that one inmate. Further, plaintiff has no right to choose his roommate.

Nevertheless, the law is clear that "racial segregation, which is unconstitutional outside prisons, is unconstitutional within prisons, save for the necessities of prison security and discipline." Cruz v. Beto, 405 U.S. 319, 321 (1972). In a prior opinion, the Court has also stated in a concurrence "that prison authorities have the right, acting in good faith and in particularized circumstances, to take into account racial tensions in maintaining security, discipline, and good order in prisons and jail." Lee v. Washington, 390 U.S. 333, 334 (1968). Thus, the law is clear that under appropriate and legitimate circumstances, defendants may consider race as a factor when making housing assignments.

The problem with this case is that defendants have not come forward with sufficient evidence of safety and security concerns to support the use of race as a factor in making housing assignments at the institution or with regard to plaintiff specifically. There is no evidence before the court indicating why defendants believed that plaintiff presented more of a danger to young, weak white offenders than to young, weak offenders of his own race. If defendants have such evidence and desire to file a supplemental motion on grounds other than respondeat superior and qualified immunity, they may do so within twenty days.

THEREFORE, IT IS ORDERED that defendants' motion of January 29, 2009, for summary judgment on the basis of respondeat superior and qualified immunity is denied. [72] It is further

---

[1] Plaintiff was also convicted of rape.

ORDERED that defendants may file a supplemental motion for summary judgment within twenty days, and plaintiff may respond within twenty days after it is filed.

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: June 24, 2009
Jefferson City, Missouri

3