IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| SHAHEED MUSLIM HABEEBULLAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-4063-CV-C-NKL |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

Before the Court is Plaintiff Shaheed Muslim Habeebullah's Motion To Alter or Amend Judgment or New Trial [Doc. # 254] and Motion to Appoint Counsel [Doc. # 253]. For the following reasons, the Court denies both motions.

**I.  Motion to Alter or Amend Judgment or New Trial**

A jury trial was held from September 6 to September 8, 2011, to determine whether Defendants Dave Dormire and Jay Cassady made cell assignments at Jefferson City Correctional Center ("JCCC") based on race and whether they also conspired to make cell assignments based on race. The Court granted a directed verdict in favor of Defendant Dormire at the close of evidence. The jury then returned a verdict in Defendant Cassady's favor. On October 11, 2011, Plaintiff Habeebullah filed this motion, pursuant to Rule 59 of the Federal Rules of Civil Procedure.

Rule 59 motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Lowry v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 761 (8th Cir. 2008). A new trial may be granted on the grounds that the verdict is so against the weight of the evidence that a new trial is necessary to avoid a miscarriage of justice. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (citations omitted). To determine if the new trial should be granted, "the trial court can rely on its own reading of the evidence – it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *Harris v. Secretary, U.S. Dep't of the Army*, 119 F.3d 1313, 1318 (8th Cir. 1997) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)). In order to grant a new trial based on trial court error, the Court must determine whether the alleged error was so prejudicial that retrial would likely produce a different result. *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1200 (8th Cir. 1990) (citations omitted).

In his Motion, Plaintiff Habeebullah makes the following arguments: 1) that the jury panel was improper; 2) that the Court erred in granting a directed verdict to Defendant Dormire; and 3) that the jury's verdict against Defendant Cassady was against the weight of the evidence.

Habeebullah first argues that the jury should have included more African-Americans and other non-white members because the trial concerned allegations of race-based cell assignments and racial segregation. However, "a party is entitled to a new trial on the basis of misconduct not objected to at trial only if that misconduct rises to the level of plain error."

2

*Dole v. USA Waste Services, Inc.* 100 F.3d 1384, 1388 (8th Cir. 1996). Habeebullah not only failed to object to the composition of the jury panel during trial, but he has also not presented any evidence that the racial composition of the jury panel affected any component of the trial. As Habeebullah has not shown that the racial makeup of the jury panel resulted in a miscarriage of justice, he is not entitled to a new trial on this basis.

Habeebullah also argues that the Court erred in directing a verdict in favor of Defendant Dormire. Habeebullah contends that the evidence presented at trial raised a question of fact as to whether Dormire had conspired to make race-based cell assignments. Specifically, Habeebullah points to statements provided by Dormire in his deposition testimony concerning the allegedly racially disparate effects of JCCC's inmate classification policies. However, the deposition testimony discussed by Habeebullah in his Motion was not introduced at trial, and thus cannot be used to support a motion for a new trial or to amend the verdict. *See Parton v. White*, 203 F.3d 552, 556 (8th Cir. 2000) ("Rule 59 motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment."). As there was insufficient evidence introduced at trial to find that Dormire was personally involved in the activities alleged by Habeebullah, the Court's directed verdict was proper.[1]

---

[1] Habeebullah also argues that Dormire should have been called as a witness during trial; however, Habeebullah's counsel chose not to call Dormire as a witness and such a choice cannot be used to amend the verdict or grant a new trial.

3

Habeebullah also argues that the jury's verdict in favor of Defendant Cassady was against the weight of the evidence. The Court will not grant a new trial simply because the evidence would permit different inferences or another result, but rather, will require a finding that the jury reached a "seriously erroneous result." *Blake v. J.C. Penney Co.*, 894 F.2d 274, 281 (8th Cir. 1990). However, the evidence presented at trial was sufficient for the jury to determine that JCCC did not have a custom or practice of making race-based cell assignments. Testimony was presented that the low levels of integrated cells were the result of self-segregation by inmates. Evidence was also introduced that Defendant Cassady denied the cell-change requests of Habeebullah and other witnesses based on reasons other than race, such as conduct violations or inmate compatibility. Because Habeebullah has not shown how the jury's verdict was seriously erroneous based on the evidence presented at trial, the Court declines to grant a new trial.

## II.     Motion to Appoint Counsel

Also pending before the Court is Habeebullah's Motion to Appoint Counsel. As any attorney appointed would be representing Habeebullah upon appeal, Habeebullah is directed to refile his Motion in the Eighth Circuit Court of Appeals.

## III.    Conclusion

Accordingly, it is hereby ORDERED that Plaintiff Habeebullah's Motion to Alter or Amend Judgment or New Trial [Doc. # 254] is DENIED and his Motion to Appoint Counsel [Doc. # 253] is DENIED WITHOUT PREJUDICE.

4

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 21, 2011
Jefferson City, Missouri